|   | Judge: | Hon. Brian D. Lynch |
|---|---|---|
|   | Chapter: | 7 |
|   | Hearing Date: | January 24, 2024 |
|   | Hearing Time: | 9:00 a.m. |
|   | Hearing Place: | Ctrm I, Tacoma |
|   | Response Deadline: | January 17, 2024 |

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

In re:

SHANNON SMITH,

    Debtor.

Case No. 23-41534-BDL

MOTION TO EXTEND DEADLINE FOR MICHAEL SWICK TO FILE COMPLAINT OBJECTING TO DISCHARGE OF DEBT UNDER 11 U.S.C. § 523

Michael Swick ("Swick"), a creditor of Shannon Smith ("Debtor"), moves the Court for an order extending the deadline for Swick to object to Debtor's discharge of certain debts from December 11, 2023, to June 30, 2024, for the reasons set forth below.

I.

**INTRODUCTION**

Swick seeks additional time to file a complaint herein specifically to analyze his claims against Smith herein and then assess the propriety of filing of a complaint objecting to discharge of such claim. To do so, Swick requests that the Court extend the deadline for filing such a complaint for another six months to allow that process to complete itself. There is no prejudice to Smith for such relief as Smith's own conduct has resulted in this situation.

/ / /

/ / /

/ / /

MOTION TO EXTEND DEADLINE - 1

RAMSAUR LAW OFFICE
950 Pacific Ave Ste 1030
Tacoma, WA 98402
949.200.9114

## II.

## FACTUAL BACKGROUND

A. **The Dissolution Action and prior Chapter 13 action**

Swick's father formed Swick & Son Enterprises, Inc., a Washington corporation ("Swick & Son") on October 23, 1987.[1]

In the early 2000s, Swick and Smith married, and Smith later became involved with Swick & Son, eventually coming to own a 50% interest therein.[2]

During their marriage, Swick and Smith primarily operated Swick & Son with Swick performing field work and Smith performing office work and bookkeeping. In Smith's capacity at Swick & Son, she was primarily in charge of the company's finances.[3]

On January 4, 2022, Smith filed the Dissolution Action against Swick in the Superior Court in and for Pierce County, Washington requesting that court dissolve the parties' marriage.[4]

Following the parties' separation and the filing of the Dissolution Action, Swick discovered, through Swick & Son's financial statements, that Smith had been siphoning funds from the business for her own personal use and for that of her adult children from a previous relationship.[5]

Specifically, financial statements showed that Smith had taken over $200,000.00—more than $12,000.00 per month—from Swick & Son to pay for things such as groceries, massages, movie rentals, and her adult children's student loan payments, none of which items constituted business expenses.[6]

---

[1] Declaration of Michael Swick ("Swick Decl."), ¶ 2.
[2] *Id.*, at ¶ 3.
[3] *Id.*, at ¶ 4.
[4] *Id.*, at ¶ 5.
[5] *Id.*, at ¶ 6.
[6] *Id.*, at ¶ 7.

MOTION TO EXTEND DEADLINE - 2

RAMSAUR LAW OFFICE
950 Pacific Ave Ste 1030
Tacoma, WA 98402
949.200.9114

Due to Smith's actions, Swick & Son's accounts were effectively drained, leaving the company unable to pay its ongoing tax liabilities.[7]

Because Swick & Son was unable to fulfill its tax liabilities as a result of Smith's embezzlement, Swick is now being held personally liable for such liabilities.[8]

Swick was prepared to prove all the above-described conduct of Smith at trial in the Dissolution Action, which trial was scheduled for mid-May 2023, but was prevented from doing so by Smith's first bankruptcy filing.[9]

Indeed, on May 3, 2023, Smith filed a chapter 13 petition in this Court (case no. 23-40719-BDL).[10]

Because of Smith's prior bankruptcy case, the state court continued trial in the Dissolution Action to November 14, 2023.[11]

In recognition of the necessity for the resolution of the Dissolution Action, the Court granted Swick an extension of time until December 31, 2023 to file a complaint challenging dischargeability.[12]

However, Smith's chapter 13 case ended prematurely due to her failure to follow the rules applicable to chapter 13 cases, including failing to file a feasible plan within the allotted deadlines. Having advised the chapter 13 trustee that she no longer wished to be in chapter 13, on the trustee's motion the Court dismissed the prior case on August 14, 2023.[13]

---

[7] *Id.*, at ¶ 8.
[8] *Id.*, at ¶ 9.
[9] *Id.*, at ¶ 10.
[10] Request for Judicial Notice ("RJN"), Ex. 1.
[11] *Id.*, Ex. 2.
[12] *Id.*, Ex. 3.
[13] *Id.*, Ex. 4.

MOTION TO EXTEND DEADLINE - 3

RAMSAUR LAW OFFICE
950 Pacific Ave Ste 1030
Tacoma, WA 98402
949.200.9114

Swick and Smith resolved the Dissolution Action on October 23, 2023.[14]

B. **The instant bankruptcy action and Smith's continued embezzlement from Swick & Son**

Smith filed the instant chapter 7 case on September 8, 2023, only three weeks after dismissal of her prior chapter 13 case.[15]

Mark D. Waldron was appointed as the Chapter 7 Trustee (the "Trustee").[16]

Despite Smith no longer being involved in the day-to-day operations of Swick & Son, she continued to withdraw funds from the company's account for her own personal use after the filing of her first bankruptcy petition.[17]

This conduct has continued, with Smith making five (5) withdrawals from Swick & Son's account totaling $60,000.00 to pay for her personal IRS debts, to the detriment of Swick and his ownership interest therein.[18]

Swick informed the Trustee of Smith's continued embezzlement from Swick & Son and provided the Trustee with evidence of the same.[19]

The Trustee indicated that he would be investigating this issue and contacting Counsel for Smith.[20]

The Trustee has not issued any response following this indication that there will be an investigation.[21]

---

[14] Swick Decl., at ¶ 11.
[15] Swick requests that the Court take judicial notice of the record in this action.
[16] Declaration of Brett H. Ramsaur ("Ramsaur Decl."), ¶ 3
[17] Swick Decl., at ¶ 12.
[18] *Id.*, at ¶ 13.
[19] Ramsaur Decl., at ¶ 4.
[20] Ramsaur Decl., at ¶ 5.
[21] Ramsaur Decl., at ¶ 6.

Thus, additional time to file a complaint objecting to discharge is necessary so that Swick can fully investigate Smith's conduct.[22]

### III.

### LEGAL ARGUMENT

Bankruptcy Rule 4007(c) provides that "[o]n motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired." Cause is not defined and whether cause exists is within the discretion of this Court. *See, e.g., In re Farhid*, 171 B.R. 94,97 (N.D. Cal. 1994). Rather, two factors are employed in making such a determination (1) whether granting an extension will prejudice the debtor; and (2) the length of the delay and its potential impact on efficient court administration. *In re Sturgis*, 46 B.R. 360, 364-5 (W.D. Okla. 1985).

Here, the Motion is timely (a complaint challenging the dischargeability of debts under 11 U.S.C. § 523(c)[23] must be filed on or before December 11, 2023) and meets both criteria for extension. The extension of the deadline would not prejudice Smith. This extension would allow for a final determination as to the nature and extent of Smith's obligation to Swick, allowing Swick to clearly state his objection to dischargeability and Smith to respond in an informed manner. In turn, the extension will also result in a much more efficient administration of Swick's claim herein.

/ / /

/ / /

/ / /

---

[22] Ramsaur Decl., at ¶ 7.

[23] Section 523(c) covers, among other challenges, debts incurred under 11 U.S.C. § 523(a)(4).

MOTION TO EXTEND DEADLINE - 5

RAMSAUR LAW OFFICE
950 Pacific Ave Ste 1030
Tacoma, WA 98402
949.200.9114

## IV.

## CONCLUSION

Swick hereby respectfully requests that the Court extend the deadline for Swick to object to the Debtor's discharge of certain debts from December 11, 2023, to June 30, 2024.

Date: December 11, 2023					RAMSAUR LAW OFFICE

/s/ Brett H. Ramsaur
Brett H. Ramsaur, WSBA #41980
Attorneys for Michael Swick

## DECLARATION OF MICHAEL SWICK

I, Michael Swick, declare as follows:

1. I am over the age of 18 years. I make this declaration in support of the motion to extend the deadline to file a complaint objecting to debtor Shannon Smith's ("Smith") discharge filed on my behalf. Unless otherwise indicated, I state the following of my own personal knowledge and, if called upon to do so, I could and would competently testify to the following.

2. My father formed Swick & Son Enterprises, Inc., a Washington corporation ("Swick & Son") on October 23, 1987.

3. In the early 2000s, Smith and I were married, and Smith later became involved with Swick & Son, eventually coming to own a 50% interest therein.

4. During our marriage, Smith and I primarily operated Swick & Son with me performing field work and Smith performing office work and bookkeeping. In Smith's capacity at Swick & Son, she was primarily in charge of the company's finances.

5. On January 4, 2022, Smith filed a dissolution action against me in the Superior Court in and for Pierce County, Washington requesting that court dissolve our marriage (the "Dissolution Action").

6. Following our separation and the filing of the Dissolution Action, I discovered, through Swick & Son's financial statements, that Smith had been siphoning funds from the business for her own personal use and for that of her adult children from a previous relationship.

7. Specifically, financial statements showed that Smith had taken over $200,000.00—more than $12,000.00 per month—from Swick & Son to pay for things such as groceries, massages, movie rentals, and her adult children's student loan payments, none of which items constituted business expenses.

8. Due to Smith's actions, Swick & Son's accounts were effectively drained, leaving the company unable to pay its ongoing tax liabilities.

RAMSAUR LAW OFFICE
950 Pacific Ave Ste 1030
Tacoma, WA 98402
949.200.9114

9. Because Swick & Son was unable to fulfill its tax liabilities as a result of Smith's embezzlement, I am now being held personally liable for such liabilities.

10. My family law attorney and I were prepared to prove all the above-described conduct of Smith at trial in the Dissolution Action, which trial was scheduled for mid-May 2023, but we were prevented from doing so by Smith's first bankruptcy filing.

11. Smith and I resolved the Dissolution Action on October 23, 2023.

12. Despite Smith no longer being involved in the day-to-day operations of Swick & Son, she continued to withdraw funds from the company's account for her own personal use after the filing of her first bankruptcy petition.

13. This conduct has continued, with Smith making five (5) withdrawals from Swick & Son's account totaling $60,000.00 to pay for her personal IRS debts, to my personal detriment and directly impacting my ownership interest therein.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 11th day of December, 2023, at Tacoma, Washington.

/s/ Michael Swick
Michael Swick

RAMSAUR LAW OFFICE
950 Pacific Ave Ste 1030
Tacoma, WA 98402
949.200.9114

# DECLARATION OF BRETT H. RAMSAUR

I, Brett H. Ramsaur, declare as follows:

1. I am over the age of 18 years and am an attorney licensed to practice law before all courts of the state of Washington and all federal districts in Washington. I represent creditor Michael Swick ("Swick") in this bankruptcy case filed by Shannon Smith ("Smith"). I make this declaration in support of Swick's motion to extend the deadline to file a complaint objecting to Smith's discharge. Unless otherwise indicated, I state the following of my own personal knowledge and, if called upon to do so, I could and would competently testify to the following.

2. Smith filed a voluntary chapter 7 petition on September 8, 2023.

3. Mark D. Waldron was appointed as the Chapter 7 Trustee (the "Trustee").

4. I have informed the Trustee of Smith's continued embezzlement from Swick & Son, and my office has provided the Trustee with evidence of the same.

5. The Trustee has indicated to me that he would be investigating this issue and contacting Counsel for Smith.

6. I have not received any response following this indication that there will be an investigation.

7. Thus, additional time to file a complaint objecting to discharge is necessary so that Swick can fully investigate Smith's conduct.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 11th day of December, 2023, at Tacoma, Washington.

/s/ Brett H. Ramsaur
Brett H. Ramsaur